UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL WRIGHT and
ANDORA WRIGHT,

       Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY
COMPANY,

       Defendant.

_____/

Case No. 09-15055

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS [38]**

Plaintiffs allege that, after Defendant failed to timely respond to their property insurance claim, Defendant denied them interest to which they were entitled under Michigan's Uniform Trade Practices Act (UTPA). Plaintiffs seek to sue on behalf of two classes. The "damages class" is to consist of policyholders similarly denied interest, and will seek recovery of the interest. The "injunctive relief class" will consist of all policyholders with covered property in Michigan, and will seek an injunction requiring Defendant to institute procedures to ensure the payment of interest in the future. Defendant has moved to Court to deny

1

certification of both classes and strike the class allegations from Plaintiffs'
complaint.

For the reasons stated below, Defendant's Motion to Strike Class
Allegations [38] is **GRANTED**.

### FACTUAL BACKGROUND

Defendant issued Plaintiffs an insurance policy against loss and damage to
the contents of their Detroit home.  On or about July 7, 2008, a fire occurred at
Plaintiffs' dwelling, causing damage to their personal property.   Plaintiffs
submitted a personal property damage claim to Defendant and sent an inventory of
their personal property on or about September 30, 2008.  Defendant acknowledged
receipt of this inventory on October 6, 2008.  On January 30, 2009, Defendant
responded to Plaintiffs' claims, paying Plaintiffs $36,728.52 to compensate for the
lost property.

Plaintiffs filed their Complaint [1] on December 30, 2009, alleging that they
were entitled to interest on their claim under Michigan Compiled Laws § 500.2006
due to Defendant's failure to timely respond.   In their complaint, Plaintiffs
expressed an intent to certify the following class:

> All persons who: (a) held State Farm property insurance policies
> covering personal property located in Michigan; (b) suffered loss to
> their personal property in Michigan covered by those policies; (c)
> submitted a claim(s) to State Farm for loss to their personal property

2

in Michigan; (d) were not provided notice in writing within 30 days that State Farm was rejecting the claim(s) and the specific basis for the rejection and/or were not provided within 30 days of receipt of their claim(s) a request in writing from State Farm specifying any additional materials needed to constitute a satisfactory proof of loss; (e) were thereafter not paid by State Farm on their claim(s) within 60 days of receipt of their claims; and (f) were not paid 12% interest per annum from 60 days after receipt thereof.

On February 18, 2010, Defendant paid Plaintiffs the statutory interest they sought.

Defendant filed a Motion to Strike Class Allegations [38] on September 21, 2012. The Court held a hearing on the motion on May 1, 2013. At the hearing, Plaintiffs' counsel indicated that when Plaintiffs moved for class certification, they would likely seek certification of an additional class. The additional class would seek an injunction ordering Defendant to establish procedures to ensure compliance with Michigan Compiled Laws § 500.2006. With respect to the damages class identified in the complaint, Plaintiffs' counsel identified "the overriding common question" as the scope of Defendant's statutory duty to pay interest. The Court expressed doubt that this qualified as a common question, since the existence and scope of the statutory duty did not appear open to dispute. Ultimately, the Court granted Plaintiffs' request to file a supplemental brief. The Court directed Plaintiffs to include in the supplemental brief their "final definition of the class[es], including what the common issues are." Plaintiffs filed their Supplemental Brief [51] on June 7, 2013. Defendant filed its own Supplemental

3

Brief [53] on July 12, 2013. On March 27, 2015, Defendant filed a Notice of Supplemental Authority [54].

**ANALYSIS**

A court may resolve a class-certification question on a defendant's motion to strike class allegations even if the plaintiff has not yet moved to certify the class. *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011). Before certifying a class, a district court must conduct a rigorous analysis into whether the requirements of Federal Rule of Civil Procedure 23 have been satisfied. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (citing *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160-61 (1982)). Plaintiffs bear the burden of showing that the Rule 23 requirements are met. *See id.*

> Rule 23(a) sets the following requirements for class certification:
>
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a). In addition to the four requirements of Rule 23(a), a plaintiff seeking class certification must satisfy one of the three subsections of Rule 23(b). Here, Plaintiffs seek to certify their original class under Rule 23(b)(3), which

4

permits certification if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.* 23(b)(3).  Plaintiffs also seek to certify a class under Rule 23(b)(2), which permits certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *Id.* § 23(b)(2).  The Court addresses the proposed classes separately below.

## I.      The Damages Class

Plaintiffs seek to certify, under Rule 23(b)(3), a "damages class" consisting of the following members:

> State Farm Fire and Casualty Company policyholders who: (a) suffered loss to personal property in Michigan covered by those policies; (b) submitted a claim(s) to State Farm for covered loss to personal property in Michigan; (c) were not provided notice in writing within 30 days of the submission of the claim(s) that State Farm was rejecting the claim(s) and the specific basis for the rejection, and/or were not provided written notice from State Farm requesting specific additional materials to constitute satisfactory proof of loss within 30 days of the submission of the claim(s); (d) were paid, but not within 60 days of State Farm's receipt of the policyholder(s) claim, and (e) were not paid UTPA interest on their claims.

The class definition is tailored to encompass policyholders denied interest to which they were entitled under Michigan Compiled Laws § 500.2006.  The Court assumes that, like Plaintiffs, the class members would seek to recover the withheld interest via claims for violation of the statute, breach of contract, and unjust enrichment.

Defendant objects to certification of the damages class on the grounds that there are no "questions of law or fact common to the class" as required by Rule 23(a) or, if there are, the common questions do not "predominate over any questions affecting only individual members" as required by Rule 23(b)(3). Plaintiffs identify six common questions for the damages class.  Plaintiffs articulate the common questions as follows:

1.  UTPA requires insurers to pay insurance claims within 60 days of receipt of satisfactory proof or to pay interest at 12% when claims are not timely paid.

2.  Until the Michigan Court of Appeals ruling in *Griswold Properties, L.L.C. v. Lexington Ins. Co.*, 276 Mich. App. 551, 741 N.W.2d 549 (2007), Defendant State Farm systematically and consistently failed to pay interest as required by UTPA.  As counsel for State Farm admitted during oral argument, prior to the Griswold ruling, "if [claims] were reasonably in dispute," interest was not paid."  *See* Hearing Transcript at 40.

3.  After the *Griswold* ruling, State Farm did not institute procedures to assure that interest would be paid for claims paid prior to the *Griswold* ruling.

4.  After the *Griswold* ruling, State Farm failed to institute procedures to assure that interest would be paid, as required by UTPA, for future claims.  Instead, interest has been paid only in

6

exceptional circumstances in which an attorney represented the policyholder or in which a policyholder demanded interest. *See* Hearing Transcript at 25-29. Even today, State Farm does not have procedures in place to monitor claims to assure that interest is paid as required by the UPTA.

5.    Since the *Griswold* ruling, State Farm has systemically failed to pay the interest required by the UTPA.

6.    Since 2003, most claims paid by State Farm more than 60 days after receipt of satisfactory proof did not include the required interest.

The Court agrees with Defendant that these purported common questions are insufficient to support certification of the damages class.

Most of Plaintiffs' purported common questions would not be before the Court in adjudicating the class members' claims. Plaintiffs have not attempted to identify the elements of the class members' causes of action. In the Court's view, however, each class member's UTPA claim would require proof of the following: (1) the class member, having fulfilled all conditions precedent, was entitled to benefits under a policy with Defendant; (2) Defendant did not pay the class member benefits within the statutory timeframe; and (3) Defendant did not pay the class member the required interest.[1] In adjudicating these claims, the Court would

---

[1] To establish a breach of contract claim, the class member would also need to establish that the statutory duty was incorporated into the class member's insurance contract with Defendant. To establish an unjust enrichment claim, the class member would also need to establish that Defendant was unjustly enriched by retaining the unpaid interest. Neither of these additional elements are addressed by the purported common questions.

7

have no need to consider whether Defendant had established procedures to ensure interest was paid.  Nor would the Court need to consider how systematically or consistently Defendant had failed to pay interest in any given period of time—it would only need to consider whether Defendant had failed to pay interest to the class members.

The only purported common question that is central to the class members' claims is the first: "UTPA requires insurers to pay insurance claims within 60 days of receipt of satisfactory proof or to pay interest at 12% when claims are not timely paid."  However, this is not a "question" in the relevant sense.  It is merely a statement (albeit an incomplete statement) of the duty imposed on Defendant by the UTPA.  A plaintiff cannot meet the common question requirement simply by showing that the class members "have all suffered a violation of the same provision of law."  *Dukes*, 131 S. Ct. at 2551.  Claims for violations of the same law "must depend upon a common contention … of such a nature that … determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Id.*  For instance, the Supreme Court in *Dukes* stated that plaintiffs could aggregate Title VII sex discrimination claims only if they depended on a common contention such as "the assertion of discriminatory bias on the part of the same supervisor."  *Id.*  This implies that the

8

commonality requirement cannot be met by questions such as "whether Title VII prohibits supervisors from exhibiting discriminatory bias"—in other words, questions that are really just statements of the undisputed legal duty or prohibition giving rise to the class members' cause of action.[2]   Plaintiffs' first purported common question is such a statement, and the Court therefore considers it insufficient to satisfy the commonality requirement.

Because Plaintiffs have failed to identify any common questions for the damages class, they have failed to show that the requirements of Rule 23(a) are met.  Accordingly, the Court will not certify the damages class.

## II.   The Injunctive Relief Class

In their supplemental brief, Plaintiffs propose a second class consisting of "all persons who currently hold State Farm Fire and Casualty Company property insurance policies covering personal property located in Michigan."  The class is to be certified under Rule 23(b)(2) and seek injunctive relief "to ensure that

---

[2] Even the dissenting Justices in *Dukes* indicated that a common question must be a *dispute* open to controversy.  *See* 131 S. Ct. at 2562 & n.3.  The Court acknowledges that a common question can "predominate" over individual questions even after it has been conceded or otherwise resolved.  *See In re Nassau County Strip Search Cases*, 461 F.3d 219, 228 (2d Cir. 2006) (citing *Waste Management Holdings, Inc. v. Mowbray*, 208 F.3d 288, 299 (1st Cir. 2000)).  Here, however, the Court holds that Plaintiffs have failed to identify a common question.  The Court therefore does not reach the predominance inquiry.

9

[Defendant] institutes measures to ensure proper payment is made in the future."
Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act
on grounds that apply generally to the class, so that final injunctive relief or
corresponding declaratory relief is appropriate respecting the class as a whole."
FED. R. CIV. P. 23(b)(2).  As always, the requirements of Rule 23(a) must also be
met.

Defendant argues that Plaintiffs have failed to satisfy Rule 23(a)'s common
question requirement.  Plaintiffs identify the following as the injunctive class's
common questions:

1.  State Farm does not have a system in place for ensuring that
    interest is paid under the UTPA on future claims.
2.  Limitations inherent in State Farm's database and its
    recordkeeping system fail to even indicate the most basic
    relevant claim information, including when a proof of claim is
    submitted and when a payment is made to ensure compliance
    with the UTPA.

Plaintiffs do not identify any cause(s) of action to be asserted by the members of
the injunctive class, so the Court assumes the injunctive class is intended to assert
the same claims as the damages class.  As explained above, however, questions
concerning Defendant's systems and procedures will not be before the Court in
adjudicating those claims.  Since Plaintiffs have identified no other type of

10

question with respect to the injunctive class, the Court holds that they have failed to meet the common question requirement.

Defendant also argues that Plaintiffs have failed to meet Rule 23(b)(2)'s requirement that injunctive relief be "appropriate respecting the class as a whole." Defendant argues that Plaintiffs have not advanced any legal theory supporting injunctive relief and that, even if injunctive relief were available, it could not benefit those members of the class who will never submit a claim potentially eligible for UTPA interest. The Court need not address the merits of these arguments, since Plaintiffs' failure to identify a common question is reason enough to deny class certification. However, the Court notes that the alleged deficiency in Defendants' recordkeeping makes it more likely that the putative injunctive class members will suffer future injury. That is, some policyholders will become entitled to benefits in the future, and Defendants' allegedly poor recordkeeping makes it more likely that they will be denied interest to which they are legally entitled. If Defendant cares about compliance with the law, it should take these allegations seriously and consider voluntary changes to its recordkeeping.

11

CONCLUSION

Plaintiffs have failed to identify any common question sufficient to satisfy Federal Rule of Civil Procedure 23(a) with respect to either of their proposed classes. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Strike Class Allegations [38] is **GRANTED**. Plaintiffs may only proceed with their individual claims.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: April 16, 2015              Senior United States District Judge

12